MORROW et al. v. PRESTON et al.
(No. 2049.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 20, 1919. Rehearing Denied Feb. 27, 1919.)

1. GIFTS ⟳49(4)—REAL PROPERTY.

In trespass to try title, evidence *held* sufficient to show parol gift of part of property involved.

2. TRESPASS TO TRY TITLE ⟳59—IMPROVEMENTS—PLEADING.

In trespass to try title, defendant will not be allowed to recover value of improvements, where he did not plead any valuable and permanent improvements.

Appeal from District Court, Marion County; J. A. Ward, Judge.

Trespass to try title by B. H. Preston and others against J. H. Morrow and others. Judgment for plaintiffs, and defendants appeal. Modified, reformed, and affirmed.

T. D. Rowell, of Jefferson, for appellants. Armistead & Benefield, of Jefferson, for appellees.

LEVY, J. The suit is brought by the appellees in trespass to try title to 576 acres of land, a portion of three headrights in Marion county. The defendants claim an equal undivided interest with the plaintiffs in the land, and they ask that such interest be decreed to them, and for partition of the land.

The land originally belonged to Mrs. Emblem Taggart, who is the alleged and proven common source of title in this case. She had two sisters—Mrs. Preston and Mrs. Stinson. Mrs. Taggart died prior to Mrs. Preston, and Mrs. Preston died in 1904. The plaintiffs (Ben, Archie, and Tom Preston) are sons of Mrs. Preston, and the defendants (Mrs. Morrow and Mrs. Baldridge) are daughters of Mrs. Preston and full sisters of the plaintiffs. The plaintiffs set out in their petition that Mrs. Emblem Taggart in the year 1896 gave 140 acres of the land in suit by parol to their mother, Mrs. Preston, and that at her death it was to go to the three boys—Ben, Archie, and Tom Preston; the remaining 436 acres of the land was, as alleged, given direct from Mrs. Taggart to the said three boys, and they entered

into possession, fencing and making permanent and valuable improvements upon the land. The defendants claim and plead in their answer that the land was given by parol from Mrs. Emblem Taggart to their mother, Mrs. Preston, and that she entered into possession and had valuable improvements made on it, and that at the death of their mother the plaintiffs and the defendants all inherited it in equal portions of one-fifth each.

The court made the finding of fact that no parol gift of the land was ever made by Mrs. Emblem Taggart to her sister, Mrs. Preston, or to either of the plaintiffs, but that at the death of Mrs. Emblem Taggart her two sisters, Mrs. Preston and Mrs. Stinson, as only heirs, each inherited one-half of the land. The court further found that the plaintiffs, having procured a deed from Mrs. Stinson for her entire undivided interest, were entitled to recover the whole one-half of the land, and that, each of the plaintiffs and the defendants was entitled to have one-fifth of the other half, which they inherited from their mother, Mrs. Preston, and partition of the land was accordingly directed.

[1] Both the appellants and the appellees assail the court's finding of fact that there was no parol gift. We conclude that the evidence warrants, as a matter of law, the finding that Mrs. Taggart made a parol gift of about 140 acres of the land to her sister, Mrs. Annie M. Preston. The letter of September 21, 1895, shows an intended gift by Mrs. Taggart to Mrs. Preston of 100 acres and 40 across the railroad; and the long-continued possession, the use and occupancy, and valuable improvements made in virtue of the letter by Mrs. Preston, in connection with and through her sons for her, and the notoriety of the possession, are perfectly consistent with her holding of the land under the gift evidenced by the letter. And Mrs. Stinson, the only surviving sister of Mrs. Taggart, admits that "I never claimed any interest in this land, because I understood that my sister, Mrs. Emblem Taggart, had given it to my other sister, Mrs. Annie Preston." Mrs. Stinson's husband makes the same admission. But we believe the letter above mentioned, in connection with the other circumstances, limits the gift to the 140 acres of land. This gift, though, we conclude from the letter, was intended by Mrs. Taggart to be absolute and unqualified to Mrs. Preston, and was not a life interest to Mrs. Preston as asserted by the plaintiffs. And it is believed that there is evidence sufficient to support the court's finding of fact that there was no parol gift of the remainder of the land to the plaintiffs or either of them. Therefore the plaintiffs are entitled to recover, as decreed by the

court, the one-half interest of Mrs. Stinson, passed to them by deed, in the 436 acres of land in evidence; and the plaintiffs (Ben, Archie, and Tom Preston) and the defendants (Mrs. Morrow and Mrs. Baldridge) are each entitled to a one-fifth interest, both in the 140 acres and in the one-half interest inherited by their mother in the 436 acres. And the judgment of the district court should be modified and reformed, so as to allow recovery of the respective interests of the parties as above fixed. The 40 acres in evidence sold to T. D. Rowell, will be taken out of the interest of Ben Preston in the entire tract in the partition.

[2] The defendants Morrow did not plead any valuable and permanent improvements on the land, and consequently the eighth finding of fact of the court is, on assignment of appellees, set aside, and they will not be allowed to recover for value thereof.

The other assignments of error are overruled.

The judgment of the district court is modified, as above indicated, and, as so modified and reformed, will be affirmed; and the district court is here instructed to proceed in the partition of the land in accordance with this modified judgment. One-half of the cost of appeal is taxed against the appellants, and one-half against the appellees.